UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEENAN BOYCE,

        Petitioner,

    v.

WARDEN,

        Respondent.

CAUSE NO. 3:26cv438 DRL-SJF

## ORDER

Immigration detainee Keenan Boyce, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The petition is fully briefed and ready for ruling, including as supplemented.

Mr. Boyce is a citizen of Trinidad and Tobago who entered the United States on a B-2 visitor visa in 2022 and remained beyond the authorized period [15-1]. In January 2023, United States Immigration and Customs Enforcement (ICE) agents encountered him while he was incarcerated on a charge of aggravated assault for strangling a domestic violence victim. ICE served Mr. Boyce with a notice to appear, initiating removal proceedings. In February 2023, an immigration judge ordered his release on bond. On May 1, 2025, Mr. Boyce was arrested for making terroristic threats and possessing a weapon. He was transferred to ICE custody pursuant to an administrative warrant.

On August 27, 2025, Mr. Boyce appeared at a custody redetermination hearing [15-2]. On October 8, 2025, the immigration judge denied Mr. Boyce's request for custody

redetermination after concluding he posed a danger to the community [15-3]. Specifically, the immigration judge considered Mr. Boyce's arrest history and concluded he had not met his burden to demonstrate he did not pose a danger to the community [15-4]. On December 4, 2025, Mr. Boyce appealed the immigration judge's bond decision to the Board of Immigration Appeals (BIA), and his appeal remains pending.

While Mr. Boyce's BIA appeal still was pending, he filed this habeas petition, arguing that (1) his prolonged detention has become unreasonable under the standard set out by the Third Circuit in *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 210 (3rd Cir. 2020), and (2) his custody redetermination hearing violated due process because the burden was unconstitutionally placed on him to demonstrate he was not a danger to the community. He requests either his immediate release or a new custody redetermination hearing where the burden is placed on the government to justify his continued detention by clear and convincing evidence. In his response, the Warden argues this petition should be dismissed because Mr. Boyce did not exhaust his available administrative remedies before filing this petition, as his appeal of the immigration judge's decision denying bond still is pending before the BIA.

Mr. Boyce is detained under 8 U.S.C. § 1226(a). By its express language, this statute distinguishes between the power to "continue to detain the arrested alien" and the power to "release the alien on . . . bond." 8 U.S.C. § 1226(a); *see Jennings v. Rodriguez*, 583 U.S. 281, 308 (2018). The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding

criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). The noncitizen may appeal the immigration judge's decision on custody redetermination to the BIA. 8 C.F.R. § 236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be

futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Boyce's appeal of the immigration judge's decision denying bond still is pending before the BIA. The court has held that a discretionary detainee held under § 1226(a) should exhaust his available remedies before bringing his habeas corpus petition. *See Singh v. English*, No. 3:25cv1046, 2026 WL 775558 (N.D. Ind. Mar. 19, 2026) (Brisco, J.) (*citing Uddin v. Lowe*, No. 3:16-cv-2561, 2017 WL 2960791, 3 (M.D. Penn. July 11, 2017) (concluding that "discretionary detainees held under 8 U.S.C. § 1226(a) have a whole set of available administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary," including fully appealing the denial of bond redetermination to the BIA)); *see also Morones-Ramirez v. English*, No. 3:26cv396 (N.D. Ind. May 26, 2026) (Brisco, J.) (dismissing petitioner's burden-of-proof claim for failure to exhaust because he filed his habeas petition without first appealing the immigration judge's decision denying bond to the BIA).

Mr. Boyce argues it would've been futile to appeal the immigration judge's bond decision to the BIA because he is seeking to vindicate his constitutional rights and the BIA lacks jurisdiction to adjudicate constitutional claims. It is true that "an exception to the exhaustion requirement has been carved out for constitutional challenges to agency procedures because the BIA has no jurisdiction to adjudicate constitutional issues." *Gonzalez*, 355 F.3d at 1017 (cleaned up). But Mr. Boyce's optional question on appeal – whether the immigration judge erred in weighing the evidence and concluding he posed a

4

danger to the community — is a question well within the BIA's jurisdiction and which it is well equipped to address. *See Z.G. v. Olson,* ___F. Supp.3d___, 2026 WL 1279081, 2-4 (N.D. Ind. May 11, 2026) (Leichty, J.) (requiring exhaustion of administrative remedies in context of immigration bond determination); *Gonzalez v. Maples*, No. 4:26cv22, 2026 WL 1073846, 5 (S.D. Ind. Apr. 20, 2026) (Pratt, J.) (requiring the petitioner to exhaust her argument that the government should bear the burden of proof at a bond hearing because "the constitutional claim overlaps substantially with a specific administrative decision").

A ruling in Mr. Boyce's favor also would grant him the relief he seeks and obviate the need to rule on the constitutional claims he raises in his habeas petition, particularly when what he complains most about are procedural issues that the BIA can address. *See Khan v. Attorney General*, 448 F.3d 226, 236 n.8 (3rd Cir. 2006) (though exhaustion "is not always required when the petitioner advances a due process claim," the court looks beyond the "due process label" and considers whether a purported due process claim "amounts to a procedural error correctible through the administrative process"); *In re Establishment Inspection of Kohler Co.*, 935 F.2d 810, 812-13 (7th Cir. 1991) (noting that the rationale for requiring exhaustion "may be even stronger in the context of a case, like this one, that raises a constitutional question," as "the exhaustion requirement enables courts to avoid deciding cases on constitutional grounds unnecessarily; during administrative proceedings the constitutional issue, or the entire case, for that matter, may be resolved favorably for the aggrieved party, obviating the need for the courts to address the constitutional claim."). Here, a decision from the BIA in Mr. Boyce's favor may have altered the immigration judge's

5

decision and render the claims in his habeas petition moot. Accordingly, Mr. Boyce's petition for writ of habeas corpus will be dismissed without prejudice.

For these reasons, the court GRANTS Mr. Boyce's motion to supplement the record (ECF 11), DENIES the petition for a writ of habeas corpus (ECF 1), and DIRECTS the clerk to close this case.

SO ORDERED.

July 27, 2026                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court